DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-437-RJC
(3:09-cr-237-RJC-DCK-2)

| | | |
|---|---|---|
| CARLOS GARCIA-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss,

(Doc. No. 4). On October 11, 2012, the Government filed the pending motion to dismiss the

Section 2255 petition. For the reasons that follow, the Section 2255 petition will be dismissed as

untimely, because Petitioner waived the right to collaterally attack his sentence except for claims

of ineffective assistance of counsel or prosecutorial misconduct, because Petitioner failed to sign

the petition under penalty of perjury, and because there is, in any event, no merit to Petitioner's

claim.

## I. BACKGROUND

On December 15, 2009, a federal grand jury sitting in the Western District of North Carolina

charged Petitioner and two others with distributing and possessing with intent to distribute at

least 500 grams of a mixture and substance containing a detectable amount of methamphetamine,

in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). See (Criminal Case No. 3:09cr237, Doc.

No. 18: Indictment). Around three months later, the Government filed a notice pursuant to 21

U.S.C. § 851, noticing Petitioner's prior conviction for felony trafficking in cocaine. (Id., Doc. No. 41: Notice of Intent to Seek Enhanced Penalties). With the § 851 notice and with the amounts alleged in the indictment, Petitioner faced a sentencing range of 20 years to life in prison. 21 U.S.C. § 841(b)(1).

Several months after the indictment was returned, Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to the § 841 count. (Criminal Case No. 3:09cr237, Doc. No. 44: Plea Agreement). As part of the plea agreement, the Government agreed to dismiss the § 851 notice, and Petitioner acknowledged that, with the dismissal of the § 851 notice, he faced no fewer year than ten years in prison and no more than life imprisonment. (Id. at ¶¶ 2-3). Petitioner also agreed that he was responsible for approximately 586 grams of methamphetamine, id. at ¶ 6(a), and he further "agree[d] to reimburse the United States for the cost of court-appointed counsel and agree[d] that the Court may include such reimbursement in the Order of Judgment," id. at ¶ 12. As part of the plea agreement, Petitioner also waived his rights to appeal or collaterally attack his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 19-21).

Petitioner entered his guilty plea at a Rule 11 hearing before a magistrate judge on March 16, 2010. At the hearing, Petitioner admitted his guilt, agreed with the terms of his plea agreement, and acknowledged that the right to appeal or challenge his conviction and sentence in a post-conviction proceeding had been "expressly waived" in the plea agreement. See (Id., Doc. No. 45: Acceptance and Entry of Guilty Plea). Petitioner's plea of guilty was accepted by the magistrate judge and later by this Court.

Before the sentencing hearing, a probation officer prepared a Pre-Sentence Investigation Report ("PSR"), in which the probation officer calculated Petitioner's total offense level as 29, accounting for the amount of methamphetamine and a reduction for acceptance of responsibility, with a criminal history category IV.  See (Id., Doc. No. 70 at ¶¶ 23-31; 34-41: PSR).  This offense level and criminal history category yielded an advisory guideline range of 121 to 151 months of imprisonment.  (Id. at ¶ 63).  Also before the sentencing hearing, the Government moved for a downward departure, detailing Petitioner's cooperation in securing the conviction of a co-defendant and requesting that Petitioner be sentenced to 100 to 125 months of imprisonment.  See (Id., Doc. No. 74: Sealed Motion).  The Court ultimately granted the Government's motion for a downward departure, sentenced Petitioner to 100 months of imprisonment, and ordered him to pay $500 towards court-appointed counsel fees.  See (Id., Doc. No. 80: Judgment).  The Court entered the judgment on January 10, 2011, and Petitioner did not appeal.

Petitioner filed the instant motion under § 2255 on June 30, 2012, approximately a year and a half after his judgment became final.[1]  In his motion, Petitioner alleges that his sentence should be corrected to remove the order that he re-pay any of his court-appointed counsel fees, and he also requests that the court "appoint bilingual counsel to raise [an] ineffective-assistance-at-sentencing claim."  (Doc. No. 1 at 2).  Petitioner did not sign his petition under penalty of perjury, nor did he assert any exception to the general rule that § 2255 petitions be filed within one year of the date on which the judgment becomes final.[2]  (Id.).

---

[1] Petitioner placed the motion in the prison system for mailing on June 30, 2012, and it was stamp-filed in this Court on July 18, 2012.

[2] Petitioner titled the motion as a "Motion to Modify Financial Conditions," but he specifically alleged in the motion that he had "significant arguments" that his trial counsel "made a

On September 18, 2012, this Court ordered the Government to respond to Petitioner's motion within thirty days.  (Doc. No. 2).  The Court ordered the Government "to respond to Petitioner's sole claim regarding his obligation to pay a $500 fee for his court-appointed attorney" and to address the timeliness of the petition.  (Id. at 2).  On October 11, 2012, the Government filed the pending motion to dismiss.  On December 28, 2012, this Court entered an Order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), stating that Petitioner had thirty days in which to respond to the motion to dismiss and, furthermore, to avoid dismissal, Petitioner had to resubmit the petition signed under penalty of perjury.  On December 11, 2012, this Court received a notice from Coleman Federal Correctional Institution that the Order was undeliverable to Petitioner because Petitioner was no longer at that address.[3]

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

significant error in determining" Petitioner's criminal history, and Petitioner stated that this Court should "convert the motion to one under § 2255" so that the Court could "correct the sentence as well as remov[e] the monetary remuneration for appointed counsel."  (Doc. No. 1 at 1-2).

[3]  A search of the Federal Bureau of Prisons website indicates that Petitioner is currently housed at the Adams County Correctional Institution in Washington, Mississippi.  A pro se plaintiff must keep the Court apprised of his current address, and failure to do so constitutes a failure to prosecute.  See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Because Petitioner failed to notify this Court of his change in address, the motion is also subject to dismissal for failure to prosecute.

# III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

(f)    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final when his right to a direct appeal expired, or 14 days after the entry of final judgment on January 10, 2011. See Clay v. United States, 537 U.S. 522, 530 (2003). Because Petitioner filed his motion to vacate nearly a year and a half later, his motion is untimely under § 2255(f)(1), and his motion is subject to dismissal on this basis alone.

Petitioner's motion to vacate is also subject to dismissal because he did not sign the motion under penalty of perjury, despite this Court's notice regarding his failure to do so. Rule 2 of the Rules Governing Section 2255 Proceedings requires that a motion pursuant to that section

"be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Without such a verification, there are no allegations or facts upon which a district court may rely to grant the extraordinary relief requested, and the petition, therefore, may be summarily dismissed. See United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995), overruled on other grounds, 520 U.S. 751 (1997) ("A habeas application must rest on a foundation of factual allegations presented under oath either in a verified petition or a supporting affidavit. . . . Facts alluded to in an unsworn memorandum will not suffice."). Here, Petitioner requested that his pleading be "convert[ed] . . . to a filing under 28 U.S.C. § 2255 in order to correct the sentence [and] remov[e] the monetary remuneration for appointed counsel," but Petitioner failed to sign his pleading under penalty of perjury. See (Doc. No. 1 at 1-2). Nor did Petitioner provide any affidavit or declaration in which he swore under penalty of perjury to the allegations contained in the motion. His motion is therefore defective and could also be dismissed on this basis.

Next, Petitioner's motion may be dismissed for the additional reason that Petitioner explicitly waived his right to challenge his sentence in a post-conviction proceeding in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a § 2255 post-conviction proceeding. Petitioner

has not presented either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct in his petition. Accordingly, neither of the exceptions to his waiver applies, and his motion is also dismissed because he waived his right to bring this challenge.

Finally, the Court notes that Petitioner explicitly agreed to reimburse the cost of court-appointed counsel as part of his plea agreement. Thus, even if his petitioner were not barred for the other reasons stated herein, it would be barred because his contention that he should not be required to pay court-appointed counsel is simply without merit.

## IV.     CONCLUSION

In sum, Petitioner's Section 2255 motion is time-barred and is dismissed for that reason alone. Furthermore, the petition is subject to dismissal because Petitioner failed to sign the petition under penalty of perjury, and because Petitioner waived the right to collaterally attack his sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. Finally, as Respondent notes, there is no merit to Petitioner's contention regarding having to reimburse the cost of court-appointed counsel because he specifically agreed to do so as part of his plea agreement.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed with prejudice as untimely.

2. The Government's Motion to Dismiss, (Doc. No. 4), is **GRANTED**.

3. The Clerk is instructed to mail the attached Order to Petitioner at the following address: Adams County Correctional Institution, P.O. Box 1600, Washington, MS 39190.

4.     **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 1, 2015

Robert J. Conrad, Jr.
United States District Judge